IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEVELOPERS SURETY AND<br>INDEMNITY COMPANY<br><br>Plaintiff,<br><br>v.<br><br>IRON CITY CONSTRUCTORS, INC.;<br>IRON CITY CONSTRUCTORS, INC.<br>AS GENERAL PARTNER OF<br>MV HOLDINGS; CHRISELLIE CORP;<br>SUPERIOR SHEET METAL<br>FABRICATORS, INC.; MV HOLDINGS,<br>Michael E. Cruny (Owner) &<br>Victor J. Veltri (Owner), VICTOR J.<br>VELTRI d/b/a MV HOLDINGS;<br>VICTOR J. VELTRI, ELOISE M.<br>VELTRI, MICHAEL E. CRUNY, and<br>CHRISTINE A. CRUNY<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 17-01360 |

**MEMORANDUM ORDER**

Pending before this Court is an April 24, 2018, Order to Show Cause (ECF No. 27) as to why the following defendants should not be dismissed for failure to prosecute:

- o Iron City Constructors, Inc.

- o Iron City Constructors, Inc. as General Partner of MV Holdings

- o Chrisellie Corp.

- o Superior Sheet Metal Fabricators, Inc.

- o MV Holdings, Michael E. Cruny (Owner) & Victor J. Veltri (Owner)

- o Victor Veltri d/b/a MV Holdings

Upon review of Plaintiff's Complaint, the docketed service history, and Plaintiff's Memorandum of Law in Opposition to Rule to Show Cause for Failure to Prosecute, the matter is now ripe for disposition.

Pursuant to its Memorandum of Law in Opposition, the Plaintiff agrees to the dismissal of Iron City Constructors, Inc., as General Partner of MV Holdings, and Superior Sheet Metal Fabricators. Therefore, these parties are hereby dismissed.

As to Iron City Constructors, Inc., the docket indicates that Christine A. Cruny was served on January 13, 2018. (ECF No. 6). By Plaintiff's admission, the officers of Iron City Constructors, Inc. are Frank Pelino and Michael Cruny. (ECF No. 29, p. 5). For service upon a corporation, the Federal Rules of Civil Procedure provide, in relevant part:

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or [...]

Fed. R. Civ. P. 4(h)(1). The Plaintiff has not demonstrated that it has served the complaint upon "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" for Iron City Constructors, Inc. in order to establish proper service under Fed. R. Civ. P. 4(h)(1)(B). In addition, the Plaintiff has not demonstrated proper service under Fed. R. Civ. P. 4(h)(1)(A) and its reference to Fed. R. Civ. P. 4(e)(1). Rule 4(e)(1) provides for service "following state law for serving a summons in an action brought in courts of general

jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Pennsylvania Rule of Civil Procedure 424 provides, in relevant part, that service can be effectuated upon a corporation by delivering the summons and complaint to "the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity." Pa. R. Civ. P. 424(2). The service record upon Christine Cruny does not establish that she would meet the criteria under Pa. R. Civ. P. 424(2).

Further, on May 18, 2018, Plaintiff requested that the Court provide it with an additional thirty (30) days to have counsel for Michael Cruny, individually, accept service on behalf of Iron City Constructors, Inc. (ECF No. 29). To date, the docket does not reflect that the Plaintiff has properly served Iron City Constructors, Inc. Accordingly, Iron City Constructors, Inc., is dismissed, based upon Plaintiff's failure to prosecute. As a consequence of said dismissal, insofar as Count IV is only against Iron City Constructors, Inc., there is no defendant for said count. As such, Count IV is dismissed.

As to Chrisellie Corporation, the docket reflects that Victor Veltri, (on behalf of Chrisellie Corporation), was served on January 15, 2018. (ECF No. 13). The Pennsylvania Department of State (https://www.corporations.pa.gov/Search/corpsearch) reports that Victor Veltri is a Vice President for Chrisellie Corporation.[1] Therefore, by virtue of Developers' service upon Victor Veltri, since he is an officer of Chrisellie Corporation, under Fed. R. Civ. P. 4(h)(1)(B), Chrisellie

---

[1] The Court is persuaded that it may take judicial notice of information posted on the Pennsylvania Department of State website. *See, e.g., Landair Transp., Inc. v. Del's Truck & Auto Repair*, Civ. A. No. 17-CV-0723, 2018 WL 950208, at *2 n.1 (M.D. Pa. Feb. 20, 2018) (taking judicial notice of facts contained in the Pennsylvania Department of State website); *Hall v. Kingston*, Civ. A. No. 17-543, 2017 WL 1225054, at *2 (E.D. Pa. Mar. 31, 2017) (citing the Pennsylvania Department of State website in taking judicial notice of a charity's location); *Corner Pocket, Inc. v. Travelers Ins.*, Civ. A. No. 12-288, 2013 WL 3993967, at *1 n.2 (W.D. Pa. Aug. 5, 2013) (judicially noticing records from the Pennsylvania Department of State online database); *Boyle v. Grizzly Indus., Inc.*, No. CV 18-854, 2018 WL 2331896, at *2 (E.D. Pa. May 23, 2018).

3

Corporation was properly served. As such, the Order to Show Cause, as to Chrisellie Corporation, is dismissed. Chrisellie Corporation remains as a party defendant.

In its Memorandum in Opposition to the Order to Show Cause (EFC No. 29), Developers requests a default judgment against Chrisellie Corporation, because Chrisellie has not filed a timely answer, and because no appearance has been entered on its behalf. Developers' request for default does not conform with Federal Rule of Civil Procedure 55, because it lacks appropriate affidavits. Therefore, Developers request for default judgment against Chrisellie Corporation is denied, without prejudice.

As regards Defendant, MV Holdings, Developers' Complaint pleads that MV Holdings is a Pennsylvania corporation. (Compl. ¶ 6). However, in Developers' response to the Court's Order to Show Cause (ECF No. 29), it claims that MV Holdings is registered as a Fictitious Name, and that the "partners," Victor Veltri and Michael E. Cruny, were served individually; and, as such, said service upon them as individuals also effected service upon them, pursuant to Pennsylvania law, as partners of the general partnership, MV Holdings. *See* 15 Pa.C.S. § 8436(a). According to the proof of service for MV Holdings, Christine Cruny accepted service of the Complaint. (ECF No. 7). Based upon the discrepancy in the Complaint and the Response, it is not clear whether MV Holdings is a corporation or a partnership/fictitious name. If it is a corporation as Developers pleads, service upon MV Holdings would require, in relevant part:

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
>   (1) in a judicial district of the United States:
>
>   (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or

Fed. R. Civ. P. 4(h)(1). The Plaintiff has not demonstrated that it has served the complaint upon "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" for MV Holdings, in order to establish proper service under Fed. R. Civ. P. 4(h)(1)(B). In addition, the Plaintiff has not demonstrated proper service under Fed. R. Civ. P. 4(h)(1)(A) and its reference to Fed. R. Civ. P. 4(e)(1). Rule4(e)(1) provides for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Pennsylvania Rule of Civil Procedure 424 provides, in relevant part, that service can be effectuated upon a corporation by delivering the summons and complaint to "the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity." Pa. R. Civ. P. 424(2). The service record upon Christine Cruny does not establish that she would meet the criteria under Pa. R. Civ. P. 424(2). Therefore, the service requirement for MV Holdings as a corporation has not been met.

Analysis of service upon MV Holdings as if it were a partnership/fictitious name, results in the same conclusion that Developers has not effectuated valid service. Service upon Partnerships and Unincorporated Associations must be effectuated as follows:

> Service of original process upon a partnership and all partners named in the action or upon an unincorporated association shall be made upon any of the following persons provided the person served is not a plaintiff in the action:
>
> > (1) any partner, officer or registered agent of the partnership or association, or

> (2) an agent authorized by the partnership or association in writing to receive service of process for it, or
>
> (3) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the partnership or association.

Pa. R. Civ. P. 423. As with the rules for corporate service, the service record upon Christine Cruny does not establish that she would meet the criteria under Pa. R. Civ. P. 423. Therefore, the service required for MV Holdings as a partnership/fictitious name, has not been met. Based upon the absence of service upon MV Holdings, said Defendant is dismissed from the case due to Plaintiff's failure to prosecute.

However, because Defendant, Victor J. Veltri, was served individually and as Victor J. Veltri d/b/a MV Holdings, the latter is not dismissed as the filed proof of service indicates Defendant, Victor J. Veltri d/b/a MV Holdings, was served. (ECF No. 11).

## ORDER

And now this 30th day of November 2018, upon consideration of the record of service upon the Defendants, (ECF Nos. 4-14), this Court's Order to Show Cause (ECF No. 27), and Plaintiff's response (ECF No. 29), the following entities are hereby dismissed, without prejudice:

1. Iron City Constructors, Inc.
2. Iron City Constructors, Inc. as General Partner of MV Holdings
3. Superior Sheet Metal Fabricators
4. MV Holdings

It is further ordered that Count IV of Plaintiff's Complaint is dismissed, without prejudice.

Dated: November 30, 2018

_Marilyn J. Horan_
Marilyn J. Horan
United States District Court Judge