IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEVELOPERS SURETY AND<br>INDEMNITY COMPANY<br><br>Plaintiff,<br><br>v.<br><br>IRON CITY CONSTRUCTORS, INC.;<br>IRON CITY CONSTRUCTORS, INC.<br>AS GENERAL PARTNER OF<br>MV HOLDINGS; CHRISELLIE CORP;<br>SUPERIOR SHEET METAL<br>FABRICATORS, INC.; MV HOLDINGS,<br>Michael E. Cruny (Owner) &<br>Victor J. Veltri (Owner), VICTOR J.<br>VELTRI d/b/a MV HOLDINGS;<br>VICTOR J. VELTRI, ELOISE M.<br>VELTRI, MICHAEL E. CRUNY, and<br>CHRISTINE A. CRUNY<br><br>Defendants. | Civil No. 17-01360 |

OPINION AND ORDER

Plaintiff, Developers Surety and Indemnity Company, ("Developers") brings this breach of contract action against the Defendants, seeking recovery for Defendants' failure to fulfill obligations under 2009 and 2011 indemnity agreements. Developers alleges claims, for breach of a 2009 Indemnity Agreement, against Iron City Constructors, Inc., Chrisellie Corp., MV Holdings, Victor J. Veltri, Eloise M. Veltri, Michael E. Cruny, and Christine A. Cruny (Count I); breach of a 2011 Indemnity Agreement against Iron City Constructors, Inc., Chrisellie Corp., MV Holdings, Superior Sheet Metal Fabricators, Inc., Michael E. Cruny, and Christine A. Cruny (Count II); Unjust Enrichment against Iron City Constructors, Inc., Iron City Constructors, Inc. as General Partner of MV Holdings, Chrisellie Corp., Superior Sheet Metal Fabricators, Inc., MV

Holdings, Michal E. Cruny (Owner) & Victor J. Veltri (Owner), Victor J. Veltri d/b/a MV Holdings, Victor J. Veltri, Eloise M. Veltri, Michael E. Cruny, and Christine A. Cruny (Count III); Common Law Indemnification/Reimbursement against Iron City Constructors, Inc. (Count IV); and Common Law Indemnification/Reimbursement against Chrisellie Corp. (Count V).[1] Pending before the Court is Defendants, Victor J. Veltri and Eloise M. Veltri's, ("Veltris") Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted and Motion for a More Definite Statement, pursuant to Federal Rule of Civil Procedure 12(e). (ECF No. 20). For the reasons stated below, the Veltris' Motion to Dismiss is granted in part and denied in part, and their Motion for a More Definite Statement is granted.

## I. BACKGROUND

The relevant facts, as alleged in the Complaint, are as follows. Plaintiff, Developers, issued surety bonds at the request of and on behalf of contractors. (Compl. ¶ 15). The Defendants, Iron City Constructors, Inc. ("Iron City"); Iron City Constructors, Inc., as a General Partner of MV Holdings; Chrisellie Corp. ("Chrisellie"); Superior Sheet Metal Fabricators, Inc. ("Superior"); MV Holdings, Michael E. Cruny (Owner) and Victor J. Veltri (Owner); Victor J. Veltri d/b/a MV Holdings; Victor J. Veltri, Eloise M. Veltri, Michael E. Cruny, and Christine A. Cruny, (collectively the "Defendants") are general contractors and subcontractors engaged in construction activities, including privately funded and publicly funded projects, within the Commonwealth of Pennsylvania and elsewhere. (Compl. ¶ 16). The Defendants were required to secure certain types of surety bonds for the benefit of a named obligee to ensure general contractors' completion of the

---

[1] As the Court has dismissed Defendants Iron City Constructors upon its ruling on an Order to Show Cause (ECF No. 33), Counts IV has been dismissed.

2

aforementioned projects and/or payment of certain subcontractors. (Compl. ¶ 17). On February 26, 2009, Defendants, Iron City, Chrisellie, MV Holdings, Victor J. Veltri, Eloise M. Veltri, Michael E. Cruny, and Christine A. Cruny, entered into an indemnity agreement with Developers. (Compl. ¶ 18 and Ex. 1). On June 7, 2011, Defendants, Iron City, Chrisellie, Superior, MV Holdings, Michael E. Cruny and Christine Cruny entered into an indemnity agreement with Developers. (Compl. ¶ 19 and Ex. 2). The two agreements are identical in their terms, however the 2011 Agreement adds Defendant, Superior, as a party, and it excludes Defendants, Victor and Eloise Veltri, as parties. (Compl. Ex. 2, p. 8).

The Defendants applied for surety credit from Developers, and requested Developers to issue certain surety bonds for various projects. (Compl. ¶ 20). The Defendants agreed to assume continuing obligations to Developers in conjunction with any surety bond provided by Developers. (Compl. ¶ 21). The 2009 and 2011 Indemnity Agreements bind the respective Defendants, jointly and severally, to reimburse Developers for all premiums and losses that Developers sustains. (Compl. ¶ 22). Paragraph 1 of each Indemnity Agreement states:

> In consideration of the execution and delivery by Surety of Bond or any Bonds on behalf of Principal, Principal and Indemnitor shall pay all premiums charged by Surety in connection with any Bond (including extensions, renewals or modifications) issued by Surety on behalf of Principal and shall indemnify and hold harmless Surety from and against any and all liability, loss, claims, demands, costs, damages, attorneys' fees and expenses of whatever kind or nature, together with interest thereon at the maximum rate allowed by law, which Surety may sustain or incur by reason of or in consequence of the execution and delivery by Surety of any Bond on behalf of Principal.

(Compl. ¶ 23, Ex. 1 and 2, ¶ 1). At the request of the Defendants, Developers issued surety bonds on eight (8) projects. (Compl. ¶ 24). Between March 19, 2010, and August 30, 2011, the Defendants allegedly defaulted on their obligations. (Compl. ¶¶ 25-125, Exs. 3-8). As a result, Developers sustained out-of-pocket net losses in the amount of One-Million Nine Hundred Fifty-

3

Three Thousand Three Hundred Seventy-Two and 97/100 Dollars, ($1,953,372.97) excluding any recoverable attorney's fees, as determined to be due pursuant to the terms of the written indemnity agreements. (Compl. ¶ 125).

## II.　STANDARD OF REVIEW

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.2009) (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir.2016) ("Although a reviewing court now affirmatively disregards

4

a pleading's legal conclusions, it must still . . . assume all remaining factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir.1997). The primary question in deciding a motion to dismiss is not whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir.2000). The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–327, (1989).

Finally, if the court decides to grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the court must next decide whether leave to amend the complaint must be granted. The Court of Appeals has "instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 236 (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir.2002)).

### III. DISCUSSION

Defendants, Victor J. Veltri and Eloise M. Veltri, contend that they should be dismissed, because the 2009 Agreement was superseded by the 2011 Agreement to which the Veltri Defendants were not parties, and because Developers fail to plead facts to establish a prima facie case for unjust enrichment. In the alternative, the Veltris argue that the Developers should be

5

required to amend its complaint to provide a more definite statement of material facts concerning the connection between MV Holdings and Victor J. Veltri.

### A. The 2009 and 2011 Agreement

In their Motion to Dismiss, the Veltris argue that Developers cannot demonstrate a valid contract exists or existed between the Veltris and Developers. Specifically, the Veltris argue that the 2011 Agreement was a novation of the 2009 Agreement. Thus, the Veltris argue that, because the Veltris are not parties to the 2011 Agreement, they are not liable under either the 2009 or 2011 Agreement. The doctrine of novation, or substituted contract, applies where: (1) a prior contract has been displaced; (2) a new valid contract has been substituted in its place; (3) there exists sufficient legal consideration for the new contract; and (4) the parties consented to the extinction of the old contract. *Buttonwood Farms, Inc. v. Carson*, 478 A.2d 484, 486 (Pa.Super. 1984). "The party asserting a novation or substituted contract has the burden of proving that the parties intended to discharge the earlier contract." *Id.* Such intention "may be shown by other writings, or by words, or by conduct or by all three." *Id.* at 487. At this stage of the proceedings, it is not clear, from the language of each contract and from the Complaint, that the elements for a novation are present. The Defendants, the Veltris, have the burden to prove a discharge of the 2009 Agreement. Thus, at this stage of the proceedings, the record does not support a novation to release Defendants, Veltris', obligations under the 2009 Agreement. Accordingly, the Veltris' Motion to Dismiss, seeking dismissal of Count I of the Complaint, is denied.

### B. Sufficiency of Unjust Enrichment Claim

Next, the Veltris argue that Developers fails to plead facts to establish a prima facie case for unjust enrichment. The elements necessary to prove unjust enrichment are: (1) benefits conferred on defendant by plaintiff; (2) appreciation of such benefits by defendant; and (3)

6

acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value. *Milby v. Pote*, 189 A.3d 1065, 1087 (Pa. Super. Ct. 2018)(citations omitted). An unjust enrichment claim, based on a theory of quasi-contract, may be pled in the alternative to a breach of contract claim. *See Lugo v. Farmers Pride, Inc.*, 967 A.2d 963, 970 (Pa. Super. Ct. 2009). A quasi-contract is "typically invoked ... when [the] plaintiff seeks to recover from [the] defendant for a benefit conferred under an unconsummated or void contract." *Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*, 171 F.3d 912, 936 (3d Cir. 1999). Developers argues that it has sufficiently pleaded an action for unjust enrichment, based upon a specific set of terms, namely paragraphs 4 and 14.3, within the 2009 contract. (ECF No. 26. pp. 6-7). As such, Developers seeks to utilize the terms of the potentially voided and unenforceable contract to prove that benefits were conferred on the Veltri Defendants by Developers. However, Developers does not plead any concrete factual allegations to support the elements of an unjust enrichment claim. Presently, the Complaint does not sufficiently aver the benefit conferred upon the individual Veltri defendants, that the Veltris appreciated said benefits, or that the Veltri's accepted and retained said benefits. The recitations, referenced in paragraphs 4 and 14.3 of the 2009 contract relate to consideration for the Indemnity contract, where the principals were the parties for whom the bonds were issued. While the allegations indicate that the principals may have derived a benefit, the pleadings fail to sufficiently allege a benefit as regards individual indemnitors. Developers has not sufficiently pleaded facts to set forth such an unjust enrichment claim against the individual Veltri Defendants. Accordingly, Count III of the Complaint is dismissed without prejudice. The Plaintiff is permitted to amend its Complaint.

7

## C. Motion for More Definite Statement

Finally, the Veltris argue that Developers should be required to amend its Complaint to provide a more definite statement of material facts concerning the status of the entity, MV Holdings, and to establish the connection between MV Holdings and Victor J. Veltri. The Federal Rules of Civil Procedure provide:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e). Although MV Holdings was dismissed for failure to prosecute for lack of service (ECF No. 33), Victor Veltri d/b/a MV Holdings remains in the case. The Complaint pleads that MV Holdings is a Pennsylvania Corporation. Developers' Response to Veltris's Motion for a More Definite Statement asserts that MV Holdings is a fictitious name. Such assertion is not consistent with the Complaint. As such, Developers must amend its Complaint to plead more clearly as regards the entity MV Holdings and its relationship to Defendant, Victor Veltri d/b/a MV Holdings in order to provide for service and notice of claims to the proper parties. Therefore, the Veltris's Motion for a More Definite Statement, pursuant to Fed. R. Civ. P. 12(e), is granted.

## IV. CONCLUSION

For the reasons stated above, Defendants, Veltris', Motion to Dismiss Plaintiff's Complaint (ECF No. 1) is GRANTED in part and DENIED in part. The Veltris' Motion to Dismiss, as to Count I, Breach of Contract, based upon Defendants, Veltris, assertion of a novation, is denied. The Veltris' Motion to Dismiss, as to Count III of the Complaint, Unjust Enrichment, is granted insofar as Developers do not sufficiently plead facts to support said claim.

8

Accordingly, Count III is dismissed, without prejudice. Developers is granted leave to file an Amended Complaint. Further, Defendants' Motion for a More Definite Statement is granted. Any amended complaint should include averments that sufficiently address the legal status of MV Holdings and identifies any connection between MV Holdings and Victor Veltri.

## ORDER

AND NOW, this 30th day of November, 2018, after careful consideration of the Complaint and Exhibits, the Defendants, Victor J. Veltri and Eloise M. Veltri's, Motion to Dismiss, Plaintiff, Developers Surety and Indemnity Company's Response thereto, and Defendants, Victor J. Veltri and Eloise M. Veltri's, Reply, and for the reasons set forth in the Opinion accompanying this Order, it is hereby ORDERED that Defendants, Victor J. Veltri and Eloise M. Veltri's, Motion to Dismiss (ECF No. 20) is GRANTED in Part and DENIED in Part. As to Count I, Breach of Contract, Defendants' Motion to Dismiss, asserting a novation, is denied. Defendants' Motion to Dismiss Count III, Unjust Enrichment, is granted, as Plaintiff has not sufficiently pleaded said claim. Count III is dismissed, without prejudice. The Plaintiff is granted leave to file an Amended Complaint. If Plaintiff chooses to file a curative amended complaint to reassert its dismissed claim, such amended complaint must be in accord with the Opinion accompanying this Order, and it must be filed no later than fourteen (14) days from the date of this Order.

As regards to Defendants' Motion for More Definite Statement (ECF No. 20), said motion is granted. Any amended complaint should include averments that sufficiently address

9

the legal status of MV Holdings and identifies any connection between MV Holdings and Victor Veltri.

Dated: November 30, 2018

_____
Marilyn J. Horan
United States District Court Judge