IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| DEVELOPERS SURETY AND INDEMNITY COMPANY, | ) ) ) | 2:17-CV-01360-MJH |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| CHRISELLIE CORP., VICTOR J. VELTRI, AS GENERAL PARTNER OF MV HOLDINGS AND ON HIS OWN BEHALF; ELOISE M. VELTRI, MICHAEL E. CRUNY, CHRISTINE A. CRUNY, | ) ) ) | |
| Defendants, | | |

OPINION AND ORDER

Plaintiff, Developers Surety and Indemnity Company, ("Developers") has brought a breach of contract, unjust enrichment, and indemnification action against Defendants based upon their failure to fulfill obligations under two indemnity agreements.   Defendants, Victor J. Veltri as General Partner of MV Holdings, Victor J. Veltri, and Eloise M. Veltri ("the Veltris"), have filed a Motion for Leave to Amend their Answer to add unconscionability as an affirmative defense to Developers's breach of contract claims.  (ECF No. 92).  The matter is now ripe for decision.

Upon consideration of the Veltris's Motion for Leave to Amend Answer (ECF No. 92), Developers's Brief in Opposition (ECF No. 93), and for the following reasons, Veltris' Motion for Leave to Amend Answer will be denied.

I.      Relevant Background

Plaintiff, Developers, filed the instant action against Defendants for breaches of two indemnity agreements, unjust enrichment, and common law indemnification.  (ECF No. 35).  On January 4, 2019, the Veltris filed an Answer that included numerous affirmative defenses, but the

Answer did not include the defense of unconscionability.  (ECF No.  38).   On January 22, 2019, the Court held an Initial Case Management Conference wherein it entered a Case Management Order permitting the parties to amend any pleadings until March 7, 2019.  (ECF No.  44). Discovery closed in this case on January 31, 2020.  (ECF No. 73).  On March 19, 2020, the Veltris filed a Motion for Summary Judgment arguing, in part, that both indemnity agreements were unconscionable.  (ECF No. 79).  In its April 16, 2020 opposition to Veltris' Motion for Summary Judgment, Developers argued that the defense of unconscionability had been waived because it was never asserted by the Veltris as an affirmative defense.  (ECF No. 83). Developers also conceded its unjust enrichment claim.  (ECF No. 83 at p. 19).  On May 12, 2020, the Veltris filed the instant Motion to Amend to add an affirmative defense of unconscionability.  (ECF No. 92).

During the life of this ligation, the Veltris filed a complaint in the Allegheny County Court of Common Pleas against Defendants, Christine Cruny and Michael Cruny on October 23, 2018 ("state court complaint").  (ECF No. 83-4).   In the state court complaint as well as the Cross-Claim in the instant matter (ECF No. 38), the Veltris invoke the indemnity agreements at issue as a basis for their claims against the Crunys.  (ECF No. 83-4 at pp. 6-7, ¶¶ 14-18, 20 and ECF No. 38 at pp. 6-9).

II.     Discussion

In their motion, the Veltris contend that failing to raise unconscionability as an affirmative defense was inadvertent and that "simple inadvertence" is "good cause" to permit amendment.  (ECF No. 92 at ¶ 28).  The Veltris also argue that Developers would not suffer any prejudice by the amendment, because the addition of the unconscionability defense "does not require any additional discovery, cost, or preparation."  *Id*. at ¶ 23.  Developers argues that any amendment should be denied because the Veltris have not demonstrated "good cause" to amend

2

beyond the Court's deadline, and the Veltris have failed to provide any facts to meet this burden. (ECF No. 93 at p. 3).   Further, Developers argues that, to establish "good cause," the Veltris must demonstrate due diligence.  *Id*.  Developers contends that the Veltris are presumably not diligent because the information necessary to assert the unconscionability defense was within their knowledge and should have been asserted at the beginning of the case.  *Id*.   Furthermore, Developers argues that any amendment is prejudicial because it is a "sea change requested at the eleventh hour."  *Id*. at p. 6.  Moreover, Developers notes that it prosecuted this matter on the basis of the written terms of the indemnity agreements, because the Veltris admitted to the agreements' validity in other filings; therefore, Developers did not address this defense during discovery, which is now closed.  *Id*.

The Veltris' request for leave to amend their Answer comes after the Court's case management deadlines have past, after the close of discovery, after asserting the validity of the indemnity agreements in their cross-claim and in their state court action against the Cruny defendants, and after the filing of motions for summary judgment.  (ECF Nos. 38, 44, 73, 77, 79, 81, and 83-4).

In evaluating the Veltris's motion to amend, the Court will examine said request under both Federal Rules of Civil Procedure 15 and 16.  Federal Rule of Civil Procedure 15 governs the amendment of pleadings.  *See* Fed. R. Civ. P. 15.  However, where a party seeks leave to amend after a court's scheduling order, that party must satisfy Fed. R. Civ. P. 16(b)(4)'s requirements for modifying a scheduling order.  *Hadeed v. Advanced Vascular Res. of Johnstown*, LLC, 2017 U.S. Dist. LEXIS 157290 *8 (W.D. Pa. 2017) (citing *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010)).  Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4). In the Rule 16(b)(4) context, "good cause" looks to the diligence of the party

3

seeking modification of the scheduling order. *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 119 (W.D. Pa. 2010). The moving party has the burden to demonstrate "good cause" under Rule 16(b)(4) before a court will consider amending under Rule 15. *Id.* As regards "good cause," in *Greygor v. Wexford Health Sources, Inc.*, 2016 U.S. Dist. LEXIS 25392 (W.D. Pa. 2016), Judge Fischer stated: "Good cause [for a Rule 16 analysis] requires a demonstration of due diligence. 'Many courts have recognized that '[w]here . . . the party knows or is in possession of information that forms the basis of the later motion to amend at the outset of the litigation, the party is presumptively not diligent.'" *Id.* at *6.

Here, the Veltris have not demonstrated "good cause" under Rule 16(b)(4) because they have not demonstrated any due diligence that would justify amending their answer fourteen (14) months beyond this Court's deadline to amend pleadings, four (4) months beyond the close of the discovery, and two (2) months after they filed their motion for summary judgment.   In their motion to amend, the Veltris do not aver any facts or reasons to establish that they did not know or were not in possession of the information required to assert an unconscionability defense. Indeed, the basis for an unconscionability defense arises from the terms of the indemnity agreements and from the circumstances surrounding the indemnity agreements transactions.[1] This information was available to the Veltris well before the amendment deadline and likely before the institution of this ligation.  Therefore, under a Rule 16(a)(4) analysis, the Veltris were not diligent, and they have no "good cause" to amend at this time and well beyond the Court's deadline to amend pleadings.   Accordingly, the Veltris motion to amend will be denied.

---

[1] To establish unconscionability of a contract, the Veltris would need to prove that the Indemnity Agreements are: 1) contracts of adhesion, e.g. that the Veltris were in a weaker position, typically a consumer; 2) the adhesion contract was unconscionable because they lacked a meaningful choice in accepting the Indemnity Agreement; and, 3) the terms unreasonably favored the Plaintiff. *Am. S. Ins. Co. v. Halbert*, 203 A.3d 223, 228 (Pa. Super. 2019)

Even if the Veltris had "good cause" under a Rule 16(a)(4) analysis, a Rule 15 analysis would produce the same result.  Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleadings by leave of court, which should be freely given when justice so requires. Fed.R.Civ.P. 15(a)(2). The decision to grant leave to amend rests within the discretion of the court but should only be denied on the basis of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing party; or (4) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); see also Geness v. Cox, 902 F.3d 344, 359-60 (3d Cir. 2018).  "It is well-settled that prejudice to the non-moving party is the touchstone for the denial of [leave to file] an amendment." *Cornell & Co. v. Occupational Safety and Health Review Com'n*, 573 F.2d 820, 823 (3d Cir. 1978) (citations omitted). "As to prejudice, the Court of Appeals has 'considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 122 (W.D.Pa. 2010) (quoting *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001)).

Here, Developers prepared and investigated this case without notice that the Veltris would assert unconscionability as an affirmative defense.  Instead, the Veltris' assertions in their state court complaint and cross-claim in the instant matter presume the validity of the 2009 and 2011 agreements.   The first notice of unconscionability as an affirmative defense did not occur until the Veltris responded to Developers's Motion for Summary Judgment, which was well after the close of discovery.  Developers did not have the opportunity to prepare a response or counterargument to the unconscionability defense through the course of discovery.   If the Court permitted the Veltris to amend their answer, it would necessitate the reopening of discovery and accruing costs to the parties, as Developers would need to develop facts to respond to this defense.   As noted by *Graham, supra,* the need to conduct additional discovery and bear

additional costs is prejudicial to Developers.  The Veltris' contention that no further discovery is necessary upon their proposed amendment is unavailing.  As such, Veltris requested amendment would unduly require reopening and extension of discovery and increased expense, which would prejudice Developers.

Further, Developers asserts that it would be prejudiced because it has consented to dismiss its unjust enrichment claim, relying upon Veltris' waiver of any unconscionability defense and/or that Veltris had conceded the validity of the indemnity agreements.  If the Court permits the proposed amendment at this stage, Developers would be prejudiced by having conceded its unjust enrichment alternative claim for recovery in this case.

Therefore, under a Rule 15 analysis, the Veltris' motion to amend is untimely and should be denied on the basis that it is prejudicial to Developers.

Accordingly, under either the Rule 15 or Rule 16 analysis, the Veltris' Motion to Amend will be denied.

## ORDER

And Now this  9th day of July 2020, upon consideration of Veltris's Motion for Leave to Amend Answer (ECF No. 92), Developers's Brief in Opposition (ECF No. 93), and for the foregoing reasons, Veltris's Motion for Leave to Amend Answer is denied.

BY THE COURT:

MARILYN J. HORAN
United States District Judge