IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| DEVELOPERS SURETY AND INDEMNITY COMPANY,<br><br>      Plaintiff,<br><br>vs.<br><br>CHRISELLIE CORP., VICTOR J. VELTRI, AS GENERAL PARTNER OF MV HOLDINGS AND ON HIS OWN BEHALF; ELOISE M. VELTRI, MICHAEL E. CRUNY, CHRISTINE A. CRUNY,<br><br>      Defendants, | 2:17-CV-01360-MJH |

OPINION AND ORDER

Defendants, Victor J. Veltri as General Partner of MV Holdings, Victor J. Veltri, and Eloise M. Veltri (Veltris), move for reconsideration (ECF No. 112) of this Court's Opinion and Order (ECF Nos. 102 and 103). The matter is now ripe for consideration.

Upon Consideration of the Veltris' Motion for Reconsideration (ECF NO. 112) and Plaintiff, Developers Surety and Indemnity Company's (Developers), Objections to Motion for Reconsideration (ECF No. 113), and for the reasons stated below, the Veltris' Motion for Reconsideration will be denied.

    I.    Background

The factual background is more full set forth in this Court's Opinion (ECF No. 102), but in brief, Developers had issued surety bonds on behalf of contractors, including the Defendants. The Defendant entities applied for surety credit from Developers and requested Developers to issue certain surety bonds for various projects. (ECF No. 35 at ¶ 18). On February 26, 2009, the Defendant entities and the Veltris and Crunys entered into an indemnity agreement with Developers (2009 Agreement). *Id*. at ¶ 16 and ECF No. 77-2. On June 7, 2011, corporate

entities, including MV Holdings, through Victor J. Veltri as general partner, and the Crunys entered into an indemnity agreement with Developers (2011 Agreement).  (ECF No. 35 at ¶ 17 and ECF No. 77-3).  The two agreements were identical in their terms; however, the 2011 Agreement added Superior Sheet Metal Fabricators, Inc. as a party, and it excluded Victor and Eloise Veltri as parties.   (ECF NO. 77-3 at p. 10).  Each Agreement bound the indemnitors to continuing obligations to Developers in conjunction with any surety bond provided by Developers.  *Id*. at ¶ 19.  The 2009 and 2011 Indemnity Agreements bound the respective Defendants, jointly and severally, to reimburse Developers for all premiums and losses that Developers sustained.  *Id*. at ¶ 20. Between March 19, 2010, and August 30, 2011, the Defendants allegedly defaulted on their obligations.  *Id*. at  ¶¶ 23-123.

As a result, Developers sustained out-of-pocket net losses in the amount of One-Million Nine Hundred Fifty-Three Thousand Three Hundred Seventy-Two and 97/100 Dollars, ($1,953,372.97), excluding any recoverable attorney's fees, as determined to be due pursuant to the terms of the written indemnity agreements.  *Id*.  at ¶ 125. Pursuant to the prima facie clauses of the Agreements (Paragraph 2.4), Jef Graham, an officer of Developers, submitted a declaration including an itemized statement of claims and the losses disbursed. (ECF Nos. 77-4 and 77-5).   Developers made demands for payments, but Defendants did not pay upon said demands.

In its October 28, 2020 Opinion and Order, this Court denied the Veltris' Motion for Summary Judgment and granted Developers Motion for Summary Judgment against Defendants in the amount of $1,954,182.07. (ECF Nos. 102 and 103).   In their Motion for Reconsideration, the Veltris ask this Court to vacate the sections of its Opinion and Order which granted summary judgment for Developers and against the Veltris.

II.     Discussion

In their Motion for Reconsideration, the Veltris argue that

A.  The Court erred in Holding Both Indemnity Agreements Govern All Bonds

B.  The Record Contains Evidence of a Novation

C.  The Record Contains Evidence of Bad Faith

D.  The Record Merits a Trial on Damages

E.  Developers Breached the Agreements by Failing to Notice the Veltris

F.  The 2011 Indemnity Agreement Modified the Veltris' Risk.

A motion to reconsider "must rely on at least one of three grounds: 1) intervening change in controlling law, 2) availability of new evidence not previously available, or 3) need to correct a clear error of law or prevent manifest injustice." *Waye v. First Citizen's Nat'l Bank,* 846 F.Supp. 310, 313–14 (M.D.Pa.1994), *aff'd,* 31 F.3d 1175 (3d Cir.1994). Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it, rightly or wrongly, has already made. *Williams v. Pittsburgh,* 32 F.Supp.2d 236, 238 (W.D.Pa.1998). "Motions for reconsideration may not be used 'as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.' " *Knipe v. SmithKline Beecham,* 583 F.Supp.2d 553, 586 (E.D.Pa.2008) (citing *Brambles USA, Inc. v. Blocker,* 735 F.Supp. 1239, 1240 (D.Del.1990)). Such motions may not be " 'used to revisit or raise new issues with the benefit of 'the hindsight provided by the court's analysis.' ' " *Id.* (citing *Marshak v. Treadwell,* No. 95–3794, 2008 WL 413312 at *7 (D.N.J. Feb. 13, 2008)). With regard to the third ground, litigants are cautioned to " 'evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and

3

the litigant.' " *Waye,* 846 F.Supp. at 314 n. 3 (citing *Atkins v. Marathon LeTourneau Co.,* 130 F.R.D. 625, 626 (S.D.Miss.1990)).

Manifest injustice "[g]enerally [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it." *Rose v. Alternative Ins. Works, LLC*, Civ. Action No. 06-1818, 2007 WL 2533894, at *1 (D.N.J. Aug. 31, 2007). Manifest injustice has also been held to occur where there is " 'an error in the trial court that is direct, obvious, and observable.' " *Greene v. Virgin Islands Water & Power Auth.*, Civ. Action No. 06-11, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004)).8

Manifest injustice is a high burden for any party to meet. *Conway v. A.I. duPont Hosp. for Children*, Civ. Action No. 04-4862, 2009 WL 1492178, at *6 (E.D. Pa. May 26, 2009) (quoting *Curry v. Eaton Corp.*, Civ. Action No. 07–5, 2008 U.S. Dist. LEXIS 48551, at *43, 2008 WL 2559249 (W.D. Ky. June 24, 2008)) (purporting that manifest injustice "implies that the Court must be faced with a [record] so patently unfair and tainted that the error is manifestly clear to all who view the record"); *Shirlington Limousine & Transp., Inc. v. United States*, 78 Fed. Cl. 27, 31 (2007) (quoting *Pac. Gas & Elec. Co. v. United States*, 74 Fed. Cl. 779, 785 (2006)) ("[w]here reconsideration is sought due to manifest injustice, the moving party can only prevail if it demonstrates that the injustice from the case is 'apparent to the point of being indisputable' ").

By reason of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided. *Rottmund v. Continental Assurance Co.,* 813 F.Supp. 1104, 1107 (E.D.Pa.1992).

4

In Arguments A, B, C, and E, the Veltris raise no intervening change in controlling law, availability of new evidence not previously available, or the need to correct a clear error of law. Therefore, the only basis for the Court to reconsider Arguments A, B, C, and E would be if there existed a manifest injustice.   From the Court's review of these four arguments, the Veltris request nothing more than to relitigate these issues that it decided in its October 28, 2020 Opinion and Order.   Such re-visitation is not a proper basis for this Court to reconsider what it has already thoroughly discussed and analyzed.   Therefore, the Court will not grant reconsideration on the basis of any manifest injustice.

In Argument D, the Veltris argue that the record merits a trial on damages because the Court overlooked a "litany" of cases requiring sureties to prove their damages at trial.   The cases cited by the Veltris in support include case law outside of Pennsylvania and outside the Third Circuit.  *See Centennial Ins. Co. v. Horizon Contr. Co., L.L.C.,* 2008 U.S. Dist. LEXIS 88221, *29 (D. N.J. 2008); *JP Morgan Chase Bank, N.A. v. First Am. Title Ins. Co.*, 795 F. Supp. 2d 624, 633-634 (E.D. Mich. 2011); *Amwest Sur. Ins. Co. v. Vaughn*, 100 F. Supp. 2d 335, 342 (E.D. N.C. 2000); *GMC v. Am. Ecology Envtl. Servs. Corp.*, 2001 U.S. Dist. LEXIS 13560, *45 (N.D. Tex. 2001); *Potomac Realty Capital, LLC v. Green*, 2009 U.S. Dist. LEXIS 46414, *20 (M.D. Ala. 2009).     In this Court's Opinion and Order on this issue, the Court relied on case law from district courts in Pennsylvania as well as Third Circuit precedent.  *See, supra. U.S. Fid. & Guar. Co. v. Feibus*, 15 F. Supp. 2d 579, 583 (M.D. Pa. 1998), aff'd, 185 F.3d 864 (3d Cir. 1999) (citations omitted); *United States Fid. & Guar. Co. v. Bilt-Rite Contractors, Inc.*, No. 04-1505, 2005 U.S. Dist. LEXIS 9299, at *10 (E.D. Pa. May 16, 2005); *Fallon Elec. Co. v. Cincinnati Ins. Co.*, 121 F.3d 125, 129 (3d Cir. 1997); *Developers Sur. & Indem. Co. v. BLB Constr., Inc.*, 2008 U.S. Dist. LEXIS 67189, at *8 (W.D. Pa. Aug. 11, 2008) (citing *U.S. Fidelity & Guar. Co. v.*

*Feibus*, 15 F. Supp.2d 579, 584 (M.D. Pa. 1998), *aff'd*, 185 F.3d 864 (3d Cir. 1999).   Other than disagreeing with the outcome, the Veltris provide no rationale in their motion for reconsideration as to why this Court should have ignored prevailing Third Circuit precedent.  Therefore, the Court will not grant reconsideration on the basis that it committed any error of law.

Finally, in Argument F, the Veltris argue that the 2011 Agreement modified their risk because it added Superior Sheet Metal Fabricators as a principal.  It is a "well-settled rule that reconsideration is improper when a party should have raised an argument earlier." *Sarpolis v. Tereshko*, 625 Fed. Appx. 594, 599 (3d Cir. 2016); *see, e.g., United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010).  This argument does not appear in the Veltris' prior motions or responses.   Therefore, the Court need not grant reconsideration to review new arguments.  Accordingly, the Court will not grant reconsideration on the basis of any new arguments raised.

## ORDER

Following consideration of the Veltris' Motion for Reconsideration (ECF NO. 112) and Developer's Objections to Motion for Reconsideration (ECF No. 113), and for the foregoing reasons, the Veltris' Motion for Reconsideration is denied.

BY THE COURT:

DATED:  December 8th, 2020

_____
MARILYN J. HORAN
United States District Judge